# UNITED STATES DISTRICT COURT

for the
Western District of Washington

FILED_____ LODG__
_____ RECEIVED

APR 1 9 2010

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

M/V STX DAISY, and the Master's cabin of that
vessel

)
)
)
)
)
)
)

Case No.

MJ10 -5063

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
M/V STX DAISY, and the Master's cabin of that vessel; the Master's cabin is one deck below the bridge on the starboard side of the vessel; writing above the door indicates that the cabin is the Master's, or captain's, cabin

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment A, which is attached hereto and incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. 2302(c) | Operating a Vessel Under the Influence of Alcohol |

The application is based on these facts:

See Affidavit of Jerry L. Prichard, which is attached hereto and incorporated herein by reference.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent, Coast Guard Investigative Service
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 14, 2010
_____
*Judge's signature*

City and state: Tacoma, Washington

Chief United States Magistrate Judge
_____
*Printed name and title*

## ATTACHMENT A – ITEMS TO BE SEIZED

The following evidence of the commission of violations of Title 46, United States Code, Section 2302(c):

1.  All alcoholic beverages, all liquids containing or used with alcohol, including but not limited to cough syrups, breath sprays, and mouthwash, and all empty containers that previously contained such beverages or liquids;

2.  All containers, glasses, and other items used to consume beverages;

3.  All items used to mask the effect of alcohol consumption, including all breath sprays and breath fresheners;

4.  All receipts and other documents reflecting the purchase of any of the items listed in paragraph 1 above;

5.  All documents that reflect any alcohol-abuse problem, and all documents relating to alcohol-abuse treatment;

6.  Documents reflecting dominion and control of SEONG UG SIN's cabin; and

7.  The M/V STX DAISY's log, and all other records that record the activity and actions of crewmembers, including SEONG UG SIN, aboard the ship and the time of that activity and action.

## AFFIDAVIT

STATE OF WASHINGTON )
)
COUNTY OF PIERCE )

I, JERRY L. PRICHARD, being first duly sworn on oath, hereby depose and say:

1.     I am a Special Agent with the United States Coast Guard Investigative Service (CGIS). I have served in the United States Coast Guard (USCG) for 17 years and have been a Special Agent with CGIS for 8 years. I am a graduate of the Federal Law Enforcement Training Center. I currently am assigned to CGIS Northwest Region, Seattle, Washington, and am responsible for investigating various violations of federal law within the jurisdiction of the Coast Guard, including potential violations of federal statutes described below. This affidavit is based upon my own knowledge and upon information that I have received from a USCG Boarding Officer involved in a boarding conducted on the M/V STX DAISY on April 14, 2010.

2.     Pursuant to Title 46, United States Code, Section 2302(c), it is a crime to operate a commercial vessel under the influence of alcohol as determined under standards prescribed by the Secretary of the Treasury by regulation. Those standards, which include Titles 33, Code of Federal Regulations, Part 95, provide, among other things that

> An individual is under the influence of alcohol when:
> . . . .
> (b) The individual is operating a vessel other than a recreational vessel and has an alcohol concentration of .04 percent by weight or more in their blood; or,
> (c) The individual is operating any vessel and the effect of the intoxicant(s) consumed by the individual on the person's manner, disposition, speech, muscular movement, general appearance or behavior is apparent by observation.

33 C.F.R. §95.020.

3.     The USCG is charged with enforcing the laws of the United States and is empowered under Title 14, United States Code, Section 89(a) to board ships and conduct regular inspections and investigations of potential violations. Under Title 14, United States Code, Section 89(a), USCG personnel may:

COMPLAINT/SIN - 1

1   make inquiries, examinations, inspections, searches, seizures,
    and arrests upon the high seas and waters over which the
2   United States has jurisdiction, for the prevention, detection,
    and suppression of violations of laws of the United States.
3   For such purposes, commissioned, warrant, and petty officers
    may at any time go on board of any vessel subject to the
4   jurisdiction, or to the operation of any law, of the United
    States, address inquiries to those on board, examine the ship's
5   documents and papers, and examine, inspect, and search the
    vessel and use all necessary force to compel compliance.

6       4.      On April 14, 2010, beginning at approximately 4:00 a.m., a USCG team,

7   including MST2 Tyson Muniz, USCG Sector Seattle, Vessel Board and Search (VBS)

8   conducted an official inspection of the ship Motor Vessel (M/V) STX DAISY, a nearly-

9   600-foot Panamanian-flagged cargo ship. At the time of the inspection, the M/V STX

10  DAISY was underway in the Straight of Juan de Fuca, approximately four miles west of

11  Port Angeles, Washington

12      5.      Upon boarding the M/V STX DAISY, VBS Boarding Team Members

13  noted a smell of alcohol coming from the crew, which was mustered for the boarding.

14  During the official inspection, MST2 Muniz smelled a strong odor of alcohol on the

15  Master of the vessel (that is, the person in command of the vessel), SEONG UG SIN.

16  SEONG UG SIN's eyes appeared glassy and bloodshot. MST2 Muniz did not observe

17  other signs that SEONG UG SIN was under the influence of alcohol. Neverthless, after

18  speaking with SEONG UG SIN, MST2 Muniz suspected that SEONG UG SIN was

19  intoxicated. MST2 Muniz attempted to conduct an Afloat Field Sobriety Test battery of

20  SEONG UG SIN, but could not complete the test due to SEONG UG SIN's difficulty

21  understanding the English language.

22      6.      MST2 Muniz then administered three Breathalyzer tests to SEONG UG

23  SIN, who voluntarily submitted to the tests. The initial breathalyzer test registered a void,

24  because SEONG UG SIN failed to follow MST2 Muniz's instructions. The second test

25  disclosed a blood alcohol concentration level of .102. The third test indicated a blood

26  alcohol concentration level of .108. During an interview with MST2 Muniz and

27  subsequent conversations with other Boarding Team Members, SEONG UG SIN

28  admitted that he had consumed alcohol the previous evening.

COMPLAINT/SIN - 2

1  7.    Boarding Team Members have reported that, during their boarding of the

2  M/V STX DAISY, they identified a Master's cabin, the cabin occupied by SEONG UG

3  SIN. This cabin is one deck below the bridge, and is on the starboard side of the vessel.

4  There is writing above the door that identifies the cabin as being the Master's or captain

5  of the ship's cabin.

6  8.    Based on my experience and training, I know that ships maintain records,

7  including records that often are called the ship's log, that record activity aboard the ship,

8  including recording the times of crew-member's watches. Such records likely would

9  include information indicating times during which the Master of a ship was actively

10  involved in the operation of the ship, and the nature of the Master's actions during such

11  times.

12  9.    Based on my experience and training, and the information in this affidavit, I

13  believe there is probable cause to believe that on board the M/V STX DAISY, including

14  in the ship's Master's cabin, there is evidence of violations of Title 46, United States

15  Code, Section 2302(c).

16

17  _____
   JERRY L. PRICHARD

18  Special Agent, Coast Guard Investigative Service

19

20  AFFIDAVIT subscribed and sworn to before me this _____ day of April, 2010.

21

22  _____
   KAREN L. STROMBOM

23  Chief, United States Magistrate Judge

24

25  Approved as to form:

26
   s/ Andrew C. Friedman
27  ANDREW C. FRIEDMAN
   Assistant United States Attorney

28

COMPLAINT/SIN - 3